IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EVELYN V. ROOK                                                                        PLAINTIFF

V.                                             CAUSE NO. 2:12CV00180-MPM-JMV

TAKE CARE HEALTH AND WELLNESS CLINIC                DEFENDANT

## REPORT AND RECOMMENDATION

Before the court is Evelyn Rook's application for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel [# 1]. The matter has been assigned to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

*IFP Motion*

Evelyn Rook filed the instant application along with a proposed Title VII form complaint on September 27, 2012. Rook has not paid the $350.00 civil filing fee required to commence an action in this court. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). The form application to proceed IFP in this court requires an applicant to declare, under penalty of perjury, the financial basis for the request by setting forth, among other things, the applicant's (1) employment status, (2) sources of income, (3) ownership in any cash, real estate, or other valuable property, and (4) debts and other obligations. *Cf.* 28 U.S.C. § 1915(a)(1) (requiring the submission of an affidavit that includes a statement of all assets). Based upon the information provided by an applicant, the court can make an appropriate determination of whether the

applicant may proceed IFP.

The undersigned has reviewed Rook's application and finds that it fails to show she is unable to pay the fee or post securities required to maintain this action. To the contrary, Rook's application shows she owns considerable assets. Though Rook is currently unemployed, she is married and has no dependents. She and her husband own a single family home in Hernando, Mississippi with an estimated value of $699,000.00. She also has a mortgage on another single family home with an estimated value of $125,000.00 of which she owes approximately $92,000.00. Her daughter occupies this home and makes the $809.00 monthly mortgage payment. Additionally, Rook owns a 2011 Chevrolet Malibu valued at $15,000.00 and has $2,000.00 cash on hand. Rook also receives–presumably monthly–$1,569.00 in stocks, bonds, or other investments and pension and Social Security payments. Rook's monthly debt payments total approximately only $1,284.16. Interestingly, Rook further indicates that she paid an attorney $850.00 for legal advice regarding this case. Based on the foregoing, it appears that Rook is financially able to pay the $350.00 filing fee for this action.

*Request for Appointment of Counsel*

With regard to Rook's application for appointment of counsel, the undersigned finds Rook has not adequately demonstrated she is entitled to appointed counsel. There is no automatic right to counsel in Title VII cases. *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Instead, a plaintiff may receive appointed counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In making this determination, the district court should consider (1) the merits of the plaintiff's claim of discrimination, (2) the efforts taken by the plaintiff to obtain counsel, and (3) the plaintiff's financial ability to retain

counsel. *See Jackson v. Dallas Polic Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). No one factor is conclusive. *Id.*

Based on her own representations regarding her financial status, the court is not convinced that Rook is unable to afford private counsel. Moreover, Rook has asserted only minimal effort to obtain private counsel.[1] Indeed, she has listed the name of only one attorney that she contacted, and this attorney refused to take Rook's case only because she is not licensed in this jurisdiction. Finally, the court finds that the merits of Rook's Title VII claims can be better evaluated after the defendant has answered the allegations made in the complaint. Nevertheless, because the other factors weigh heavily in favor of denying Rook's request for appointment of counsel, the request should be denied at this stage of the proceedings.

*Recommendation*

Based on the foregoing, it is recommended that the application for *in forma pauperis* status and for appointment of counsel be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415

---

[1] *Caston* suggests that a significant inquiry on this issue is whether plaintiff has pursued the possibility of a contingent fee arrangement in her efforts to locate an attorney. *Caston*, 556 F.2d 1309.

3

(5th Cir. 1996).

       Respectfully submitted this 1st day of October, 2012.


                                               /s/ Jane M. Virden
                                                  U. S. MAGISTRATE JUDGE